UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRYL SMALLWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:11CV1489 HEA |
| ) | |
| JAMES HURLEY,[1] ) | |
| ) | |
| Respondent. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Missouri state prisoner Darryl Smallwood for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1]. Petitioner has also filed an Amended Petition, [Doc. No. 12]. Respondent has filed a Response to order to show cause. Petitioner has filed a reply. For the reasons set forth following the Petition will be denied.

### **Background[2]**

On June 12, 2007, Petitioner was convicted by a jury in the Circuit Court of

---

[1] At the time the Petition was filed, Petitioner was incarcerated in the Southeast Correctional Center. Jeff Norman, the originally named respondent, is the Warden of that location. Petitioner has been moved to the Northeast Correctional Center. Accordingly, James Hurley, Warden of the Northeast Correctional Center, is Petitioner's custodian and is the proper party respondent.

[2] All factual references are taken from the pleadings and exhibits filed in this matter by the parties.

Missouri of trafficking in the second degree.  Petitioner was sentenced to twenty years imprisonment on July 23, 2007, as a prior, persistent offender.  Petitioner appealed the conviction, which was affirmed by the Eastern District Court of Appeals for Missouri.  Petitioner also filed a Rule 29.15 Motion for post-conviction relief.  The Motion was denied; Petitioner appealed this denial to the Missouri Court of Appeals for the Eastern District.

## **Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996.  When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409.

### Grounds for Relief

As the bases for relief in his habeas corpus application, together with the amended petition, Petitioner asserts as follows: in his original petition, Petitioner claims that the motion court erred in failing to grant a hearing on his claim that counsel was ineffective for failing to object to comments regarding petitioner's silence during his arrest. In his amended petition, Petitioner claims that counsel

was ineffective for failing to object to comments regarding Petitioner's silence during his arrest (Ground One and Amended Ground Two); in his original petition, Petitioner claimed that trial counsel was ineffective for failing to object to testimony from police officers that they were members of the Most Violent Offender's Gang Task Force and indicating that Petitioner was a member of a gang. In his amended petition, Petitioner revises his claim to state that counsel should have objected to testimony that the officers were members of the Most Violent Offenders Unit. (Ground Two and Amended Ground One); in his original Petition, Petitioner claims that there was no jurisdiction to proceed with his case based on the lack of a probable cause to arrest. (Ground Three); in his original Petition, Petitioner claimed that the State introduced evidence of prior bad acts for which he had never been convicted. Petitioner alleges that counsel failed to object to this evidence. In the Amended Petition, Petitioner claims that the State improperly cross-examined him on his prior convictions by asking questions about how his sentences in those cases compared to his possible sentence in this case. (Ground Four and Amended Ground Five); in his original petition, petitioner claimed that he was denied the right to present witness testimony when witness was arrested in presence of the jury. Petitioner also refers to not being allowed to confront the confidential informant. In his amended petition, petitioner claims that

the trial court improperly denied his request for a mistrial when the prosecutor stated in front of the jury that Tacita Fair had a warrant for her arrest. Petitioner also claims that the trial court erred in striking Laquida Smallwood as a witness for late disclosure. (Ground Five, Amended Ground Three and Amended Ground Four); Petitioner objects to the refusal of the trial court to allow the history of the officer/witnesses to be presented to the jury. (Ground Six); Petitioner's Amended Ground Six claims that the state court was without jurisdiction when it sentenced Petitioner to twenty years in prison in that he had no prior commitments to the Missouri Department of Corrections. (Amended Ground Six).

Respondent asserts that all of Petitioner's grounds for federal habeas relief lack merit. Respondent also argues certain claims of the Petition and Amended Petition are procedurally barred as they were not appropriately pursued in the State court.

## Discussion

**Timeliness of Filing**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations when a state prisoner petitions for federal habeas corpus relief. *King v. Hobbs*, 666 F.3d 1132, 1134-35 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)). The statute of limitations begins to

run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The date on which judgment becomes final, and the statute of limitations begins to run, differs based on the level of review sought by the petitioner. If the petitioner sought review in the "state court of last resort," then the Supreme Court has jurisdiction to review the appeal and judgment will be considered final 90 days after the conclusion of the direct criminal appeals in the state system. *Id*. (citing *Gonzalez*, 132 S. Ct. at 656); *see also* Sup. Ct. R. 13.1; 28 U.S.C. § 1257(a). On the other hand, should a state prisoner opt not to seek review in the "state court of last resort," then "the judgment becomes final on the date that the time for seeking such review expires." *Id*. (quoting *Gonzalez,* 132 S.Ct. at 646). Once judgment is final, the statute of limitations begins to run. See 28 U.S.C. § 2244(d)(1)(A).

Respondent does not contend Petitioner is time barred.

**Procedural bar**

One who pursues relief under 28 U.S.C. §2254(b)(1)(A) must exhaust the remedies available in the courts of the State. In order to effectuate the fulfillment of this requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's

established appellate review process" before presenting those issues as application for federal habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court"; otherwise, they are defaulted. *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006).

Exhaustion "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Thus, "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law," the exhaustion requirement is satisfied. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

In Missouri, "habeas corpus is not a substitute for appeal or post-conviction proceedings." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993). "Missouri law requires that a habeas petitioner bring any claim that a conviction violates the federal or state constitution, including a claim of ineffective assistance of counsel, in a motion for post-conviction relief." Moore-El v. Luebbers,

446 F.3d 890, 896 (8th Cir. 2006). Accordingly, an offender who fails to raise his claims on direct appeal or in a post-conviction motion has procedurally defaulted those claims "and cannot raise [the waived claims] in a subsequent petition for habeas corpus." *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 214 (Mo. banc 2001). Petitioner filed an appeal to the state appellate court, however, he did not raise grounds Three, Four, parts of Ground Five, Ground Six and Amended Ground Six. These claims are, therefore, procedurally barred.

There are circumstances where a court may nonetheless reach the merits of a procedurally barred claim, but only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In order to satisfy the "cause" requirement, Petitioner must show that an "external" impediment prevented him from presenting his claim to the state court in a procedurally proper manner. *Id*. at 753.

In this case, Petitioner admits that he did not exhaust state remedies on Grounds Three, Four, Five, Six and Amended Ground Six. Moreover, Petitioner has failed to sufficiently establish cause and prejudice, or actual innocence. As Respondent correctly argues, while it appears Petitioner is claiming ineffective

assistance of counsel as the cause for failure to preserve the claims, Petitioner must have claimed ineffective assistance of counsel in the state court. *Edwards v. Carpenter*, 529 U.S. 446, 450-54 (1999). Although not specifically delineated as support for his failure to raise these issues, Petitioner has submitted the affidavits of Laquida Smallwood and Careil Wright. The Wright Affidavit was filed with the motion court and Petitioner did attempt to call Ms. Smallwood as a witness. Neither affidavit can be considered "new evidence" of actual innocence since both affiants were known to Petitioner prior to the finality of his state proceedings, and could have been presented to the state courts. These claims are therefore procedurally barred.

**Ground One and Amended Ground Two**[3]

Originally, Petitioner framed this claim as a challenge to the denial of an evidentiary hearing. Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. *E.g. Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997). Whether the motion court ought to

---

[3] The Court has followed Respondent's organization and grouping of claims set out in his Response to the Petition and the Amended Petition.

have held a motion hearing is purely a matter of state law. As a result, Petitioner is not entitled to relief on ground nine of the petition. Ground One is denied.

In his Amended Ground Two, Petitioner claims that counsel was ineffective for failing to object to comments regarding his silence during his arrest.

As outlined by Defendant, Officer Schwerb testified that he told Petitioner he was under arrest for possession of a controlled substance. Petitioner made the statement that he was tired of being harassed by the police. Officer Wolff testified that Petitioner made the statement after Officer Schwerb had advised Petitioner of his *Miranda* rightts.

The motion court found that the questioning of the officers regarding the comment Petitioner made and whether he stated anything else was not improper under the applicable law. The Missouri Appellate Court found that Petitioner's right to remain silent does not encompass the situation where a person, after having been arrested and given his *Miranda* rights, voluntarily speaks. Petitioner relies on *Doyle v. Ohio*, 426 U.S. 610 (1976). In *Doyle*, the Supreme Court held that after having advised a defendant of his *Miranda* rights, it is impermissible to use the silence to impeach the defendant. If the defendant, however, voluntarily speaks after the warnings, his statements and lack of any other statements is subject to inquiry. *Anderson v. Charles*, 447 U.S. 404, 408-09 (1980). Accordingly, the State

Court ruling allowing inquiry on Petitioner's statement and lack of other statements was not contrary to the constitution or Federal law. Because an objection would have been meritless, it was not ineffective assistance of counsel in failing to object to the questioning. Ground One and Amended Ground Two are denied.

**Ground Two and Amended Ground One**

Petitioner claims it was ineffective for trial counsel to fail to object to testimony from the police officers that they were members of the Most Violent Offender's Task Force. Plaintiff argues that by implication, he was one of the offenders sought by the officers. Petitioner argues that the testimony resulted in allowing the State to submit evidence of uncharged crimes, wrongs or acts allegedly committed by the accused to establish his propensity to commit such crimes. Contrary to Petitioner's belief, the Appellate Court found that the testimony was merely a description of their work assignment. It had no association with Petitioner or his propensity to be one of the most violent offenders. Moreover, the Court observed that Petitioner testified to his prior criminal history which included weapon and drug charges. As such, the Court found that Petitioner could not establish that counsel was ineffective for failing to object to the question because an objection would not have been meritorious, nor was Petitioner able to establish that he was denied a fair trial.

In the habeas context, questions regarding admissibility of evidence are matters of state law. *Garcia v. Mathes,* 474 F.3d 1014, 1017 (8th Cir.2007). Evidentiary errors at a state trial will form the basis for federal habeas relief only if the state court's rulings "infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process." *Id.* The State Court's determination that the evidence presented by the officers regarding their work assignment was admissible falls outside the confines of habeas relief. Petitioner has failed to establish that this ruling infringed on a specific constitutional protection. In addition, because of Petitioner's testimony regarding his criminal history, the testimony was not so prejudicial as to deny Petitioner due process. Ground Two and Amended Ground One are denied.

**Amended Ground Five**

Petitioner claims that the state improperly cross-examined him on his prior convictions. Petitioner claims that the cross-examination of the sentences he received on his prior convictions delved too deeply into those convictions to establish that the reason petitioner was testifying was because he feared a harsher sentence.

The State Appellate Court concluded that the trial Court's admission of the prior conviction and sentence testimony was not an abuse of discretion because it

was within the confines of Section 491.050, which allows for evidence of prior convictions to affect a person's credibility. The trial Court found that the cross examination was proper based on bias. The prosecutor did not go into details of the crimes or dwell on the prior convictions.

As a matter of state evidence law, petitioner must establish the state court's rulings "infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process." *Id.* The State Appellate Court's finding that the admission was proper under Section 491.050 is a matter of state law which does not rise to the level of habeas relief. 28 U.S.C. § 2254. See *Dowling v. United States*, 493 U.S. 342 (1989). Amended Ground Five is denied.

**Ground Five, Amended Ground Three and Amended Ground Four**

Petitioner claims that a mistrial should have been granted by reason of the fact that the prosecutor stated in the presence of the jury that Witness Fair had a warrant for her arrest. Petitioner also claims the trial court erred when he would not allow Laquida Smallwood to testify as a witness because of the late disclosure of Ms. Smallwood. Petitioner also seeks relief for failure to call the confidential informant that tipped off the police.

The Supreme Court has upheld the exclusion of a witness for failure to timely disclose. *Taylor v. Illinois*, 484 U.S. 400-410-16 (1988). Thus, the rulings of the

state court to exclude Ms. Smallwood's testimony is not contrary to or an unreasonable application of established federal law.

With respect to Ms. Fair, although the trial court stated that it would give a limiting instruction regarding the comment, none was given. The state courts found that this failure did not warrant a mistrial. Improperly admitted evidence must have had a substantial and injurious effect or influence in determining the verdict. *Fry v. Pliler*, 551 U.S. 112 (2007). Based on the totality of the evidence, raising the issue in front of the jury did not rise to the level of substantial and an injurious effect or influence on the jury.

Regarding Petitioner's claim that the confidential informant should have been called to testify, Respondent is correct that there is no suggestion that the confidential informant was present at the time of Petitioner's arrest. The basis for the arrest was what the officers observed and the outstanding warrant for Petitioner's arrest. The officers were present and testified. They were subject to cross examination by Petitioner. Petitioner's claim is without merit. Grounds Five, Amended Ground Three and Amended Ground Four are denied.

## Conclusion

Several of Petitioner's grounds for relief are procedurally barred. Petitioner has failed to establish cause and prejudice for the failure to exhaust these claims. Those claims which have been exhausted through the state system are without merit. Thus, Petitioner is entitled to no relief

### Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. A Certificate of Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 22nd day of September, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE